Filed 5/9/25  P. v. Ballard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERTO ANTONIO BALLARD,<br><br>    Defendant and Appellant. | D083985<br><br><br>(Super. Ct. No. SCE247764) |


APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Roberto Antonio Ballard, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Roberto Antonio Ballard appeals from a judgment and sentence entered following full resentencing pursuant to Penal Code[1] section 1172.75. After conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), we affirm.

I.

*Procedural Background*

In April 2006, a jury convicted Ballard of assault on a child, Angel L., under eight years of age resulting in death (Pen. Code,[2] § 273ab) and involuntary manslaughter (§ 192, subd. (b)). He admitted he had served a prior prison term pursuant to section 667.5, subdivision (b) (section 667.5(b)). The trial court determined sentence could not be imposed on both counts pursuant to section 654. At the time of his sentencing, section 654 required the court to impose the sentence that provides for the longest potential term of imprisonment and stay execution of the other term. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) The court elected to sentence Ballard to the mandatory term of 25 years to life for the conviction on the assault resulting in death, plus a consecutive one year for the prior prison term enhancement. Sentence on the involuntary manslaughter conviction, which provided a sentencing triad of two-three-four years, was stayed pursuant to section 654. We affirmed the judgment in 2007. (*People v. Ballard* (June 5, 2007, D049103) [nonpub. opn.].)

---

[1]  All further undesignated statutory references are to the Penal Code.
[2]  All further undesignated statutory references are to the Penal Code.

In September 2022, the California Department of Corrections and Rehabilitation identified Ballard as a person currently serving a section 667.5(b) term, which was made legally invalid by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020) and further codified by Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) at section 1172.75 (formerly § 1171.1).[3] Relevant here, section 654 had also been amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.) effective January 1, 2022, to provide in part, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1, italics

---

[3] Relevant here, section 1172.75, subdivision (d), provides: "(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed. [¶] (2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing. [¶] (3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. [¶] (4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

added.) "As amended by Assembly Bill 518, . . . section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani*, *supra*, 74 Cal.App.5th at p. 379.)

Judge Lisa Rodriguez appointed the Office of the Primary Public Defender to represent Ballard and set the matter for a status conference on January 6, 2023. On January 6, Judge Rodriguez continued the status conference to March 10 at the request of Ballard's appointed counsel. On March 10, Judge Marian F. Gaston continued the status conference to April 21. On April 21, Judge Rodriguez set a resentencing hearing for July 14. On July 12, 2023, the People filed an opposition to Ballard's request for resentencing under section 1172.75. On July 14, at Ballard's appointed counsel's request, Judge Rodriguez continued the resentencing hearing to October 6 for the defense to provide additional, supporting materials.

On October 4, 2023, Ballard filed a formal motion for resentencing pursuant to section 1172.75. He requested the trial court exercise its discretion to conduct a full resentencing and, under amended section 654, to sentence him to a determinate term on the involuntary manslaughter count and stay the indeterminate sentence on the child abuse count. At his appointed counsel's requests to allow the court and the People time to consider Ballard's supporting documents, Judge Rodriguez continued the resentencing hearing twice more, to December 14.

On December 14, 2023, with Ballard appearing remotely, Judge Rodriguez began the resentencing hearing. The court heard from Ballard and the victim's mother. His counsel requested the court resentence Ballard and impose a determinate term on count 2. The People requested the court

strike the now-invalid prison prior but otherwise not disturb the original sentence of 25 years to life. Judge Rodriguez, however, continued the hearing to obtain and read the trial transcripts. She noted what she believed were the jury's "tremendously inconsistent verdicts" in returning a charge of child abuse resulting in death and involuntary manslaughter, not murder or voluntary manslaughter. The hearing was continued to January 5, 2024.

However, on January 5, 2024, Judge Gaston continued the resentencing to April 19 to be conducted anew before a different judge because Judge Rodriguez was disqualified. The minute order states: "The court notes that Judge Lisa Rodriguez was disqualified from presiding over non-retained attorney matters. The court states that the jury trial transcripts for this cause are over 1,000 pages long and will need to be reviewed by all parties. Court finds good cause to continue." Judge Gaston explained, "in the interim, some things have happened and Judge Rodriguez is no longer available technically, not by choice, to hear the matter. [¶] . . . [¶] Judge Rodriguez is now disqualified. She cannot hear the case."

On April 19, 2024, Judge David J. Danielsen conducted anew a full resentencing hearing. Judge Danielsen stated he had read and considered the transcripts of the June 5, July 12, and July 18, 2006 proceedings for the original sentencing hearing; the December 14, 2023 resentencing hearing begun by Judge Rodriguez, as well as the probation report, the entire trial record on compact disk (CD), all documents in support of resentencing submitted on CD, and this court's opinion in the direct appeal.

Ballard requested the court resentence him to a determinate term on the manslaughter conviction. The People opposed, reciting the aggravated facts of the case included that Ballard "battered a 16-month[-]old child until that child died and then lied about it and claimed that the child fell off a

table.  The injuries that Angel received at the hands of [Ballard] were a complex skull fracture, severe bleeding and brain swelling underneath the skull, a broken right arm, deep-tissue damage just below his left knee, which was suggestive of a very firm grab, and pattern-type bruises to his face, forehead, arm, torso[ ], and legs.  [¶] An autopsy revealed the cause of death as homicide by non-accidental blunt force to the head.  The coroner found numerous impact blows to the side, front, and rear of Angel's head, any of which could have caused the skull fracture Angel suffered.  [¶] In addition, Angel had a fractured right arm, and his left leg was grabbed with such force, it caused the blood vessels to rupture.  The coroner stated the child could not have suffered all of these injuries from a fall off a kitchen table no matter what the surface of the floor was."  The People further argued Ballard's behavior in prison is "different" from his behavior in the community, which included a history of domestic violence against a prior girlfriend.  The People asserted it would be inappropriate to sentence Ballard to a term of two, three, or four years on the manslaughter conviction.  Giving defense counsel the last word, counsel argued the conclusion that Ballard's conduct is on the extreme end is inconsistent with the verdict rendered.

After hearing from the parties, the court recalled Ballard's sentence pursuant to section 1172.75 to strike the now legally invalid one-year prior prison term enhancement.  The court again imposed the mandatory term of 25 years to life on count 1 and stayed the middle term of three years on count 2 pursuant to section 654.  In making its sentencing choice, the court acknowledged Ballard's "exemplary" prison record and its broad discretion under amended section 654 to impose either sentence on the indeterminate or determinate count in the interest of justice.  But it ultimately was persuaded

6

by the People that the interest of justice would not be served by imposing two, three or four years on the involuntary manslaughter conviction.

## II.

### *No Error*

Ballard's appointed appellate counsel filed a brief raising no issues and invited this court to independently review the record under *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738.  To assist this court in its review, counsel identified the following issue:  "Whether the [trial] court abused it[s] discretion in sentencing [Ballard] as to count 1 in light of the overwhelming evidence of rehabilitation accomplished by appellant in the intervening years?"  (Capitalization omitted.)  We see no error in the record.

Ballard has filed a supplemental brief on his own behalf, raising (as best we can discern) the following contentions.  First, he observes there were three different judges involved in his petition for resentencing, but he does not assert any specific claim of error as a result.  He adds only a "NOTE" that "This court should request an explanation as to what was the actual cause for Judge Rodriguez becoming technically unavailable to hear this matter."  We decline to do so.  In any event, the reason was stated in the record:  Judge Rodriguez disqualified from presiding over non-retained attorney matters.

Second, Ballard "requests this court review Judge [Danielsen]'s abuse of discretion for not only failing to correct the [P]eople's misstatement of facts, but failing to apply all of the current legislative changes as it applies to resentencing," including "Assembly Bill 124 (2021) and Assembly Bill 600 (2023)."  To the extent he asserts there was an abuse of discretion, we reject that claim.  The alleged misstatement by the People—" 'he brutally murdered' " Angel—was immediately corrected by the People in the same sentence to, "he brutally beat a child to death."  And regardless, the

7

sentencing judge had read the trial transcripts and could arrive at his own conclusion as to the underlying facts.

To the extent he refers to Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 695, §§ 5–6), it would not have applied to the trial court's sentencing decision given that the court properly exercised its discretion to impose the indeterminate sentence on the child abuse conviction. Effective January 1, 2022, Assembly Bill No. 124 and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, §§ 1.3, 3(c)) amended section 1170 regarding determinate sentencing.[4] (See *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.) Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Stats. 2023, ch. 446) would also not have applied to the trial court's sentencing decision. Effective January 1, 2024, Assembly Bill No. 600 amended the resentencing procedure established by section 1172.1, which pertains to a resentencing commenced upon the court's own motion or recommendation by a party such as a correctional authority or district attorney. (See *People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.)

Last, Ballard asserts his appointed counsel rendered ineffective representation because she did not challenge the prosecutor's "false statements" and did not ask the court to apply Assembly Bill Nos. 124 (2021–2022 Reg. Sess.) and 600 (2023–2024 Reg. Sess.). We also reject this claim. To establish a claim of ineffective assistance of counsel, Ballard must show

---

[4] As a result of these amendments, when three possible terms of imprisonment may be imposed for a crime, the trial court may only impose the upper term "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2.)

that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and, as a result, it is reasonably probable that the verdict would have been more favorable to him. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–694 (*Strickland*); *People v. Lucas* (1995) 12 Cal.4th 415, 436.)  Because we conclude there was no false statement by the prosecutor and neither legislative act applied, Ballard cannot establish he was prejudiced by counsel's failures.

In sum, we have independently reviewed the record and considered the contentions Ballard raised in his supplemental brief and find no grounds for reversal.

### III.

### *Disposition*

The judgment is affirmed.

DO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

9